**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert J. Evitts,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>Pitney Bowes, Inc., a foreign corporation; Beth R. Moss; B. Nadine Arney; Frank Gasparro; Mitchell Hill; and Doug Oakes,<br><br>　　　　　　Defendants. | No. CV-10-8257-PCT-DGC<br><br>**ORDER** |

　　　　Plaintiff Robert Evitts filed suit in state court against his former employer, Pitney Bowes, Inc., and several coworkers. The complaint asserts a claim for tortious interference with contract against the individual Defendants and claims against Pitney Bowes for breach of contract, breach of the covenant of good faith and fair dealing, and failure to pay wages in violation of A.R.S. § 23-355. Doc. 1-1 at 2-11. Defendants removed the action to this Court on the basis of federal question and diversity jurisdiction. Doc. 1.

　　　　Plaintiff has filed a motion to remand. Doc. 8. The motion is fully briefed. Docs. 11, 14. Oral argument has not been requested. For reasons stated below, the Court will grant the motion and award Plaintiff the attorneys' fees and costs he incurred as a result of removal.

## I.     The Motion to Remand.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Pursuant to 28 U.S.C. § 1441, a defendant "may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). It is presumed, however, that a cause of action "lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Id.* (citations omitted).

Defendants concede that federal question jurisdiction does not exist. Doc. 11 at 2 n.1. In an action not involving a federal question, removal is proper "only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b); *see* 28 U.S.C. § 1332(a)(1). Nadine Arney and Mitchell Hill are citizens of Arizona (Doc. 1-1 at 3), but Defendants contend that they have been fraudulently joined and their presence therefore should be ignored in deciding whether diversity jurisdiction exists (Doc. 1 at 4). The Court does not agree.

"Joinder is fraudulent if the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state." *Hunter*, 582 F.3d at 1043 (citations omitted); *see McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987). Plaintiff alleges that the individual Defendants tortiously interfered with his contractual employment relationship with Pitney Bowes. Doc. 1-1 at 8, ¶ 30. To state a valid claim for tortious interference with contract, the plaintiff must allege the existence of a contract between the plaintiff and a third party, knowledge of the contract on the part of the defendant, intentional and improper interference by the defendant causing the third party to breach the contract, and resulting damage to the plaintiff. *See Safeway Ins. Co. v. Guerrero*, 106 P.3d 1020, 1025 (Ariz. 2005).

Defendants contend that because Arney and Hill were supervisors acting within the scope of their employment, they were, in effect, the employer and cannot be held

liable for interfering with their own contract. Docs. 1 at 5-4, 11 at 9-11. This argument was rejected in *Wagenseller v. Scottsdale Memorial Hospital*, 710 P.2d 1025 (1985), *superseded in other respects by* A.R.S. § 23-1501 (1996). *Wagenseller* held that a supervising employee acting within the scope of employment may be liable for tortious interference if his or her actions also are improper. 710 P.2d at 1041-42; *see McBurnie v. City of Prescott*, No. CV-09-8139-PCT-FJM, 2010 WL 5344927, at *5 (D. Ariz. Dec. 22, 2010).

Defendants further contend that the complaint contains no allegations that Arney and Hill acted intentionally and improperly as required to state a claim for tortious interference. Doc. 11 at 5-9. The complaint alleges that at the time of his termination from Pitney Bowes, Plaintiff had been a 27-year employee with an excellent job performance and production record. Doc. 1-1 at 4, ¶ 12. The complaint further alleges that during a meeting with Arney and Hill on August 26, 2009, Plaintiff was told he was being terminated for writing a letter to a client seven years earlier stating that the client could terminate its contracts with Pitney Bowes as its business required. *Id.* at 5-6, ¶¶ 18-19. Plaintiff claims that this stated reason is pretextual, and he actually was terminated for improper reasons, that is, in retaliation for having engaged in the protected conduct of requesting payment of commissions earned and in order to deprive him of various employment benefits. *Id.* at 7, ¶¶ 23-24.

"[C]ourts in this circuit have applied the fraudulent joinder rule only in cases where it is undisputedly clear (or 'obvious' in the language of *McCabe*) that the plaintiff states no cause of action against the non-diverse defendant." *Hernandez v. First Student, Inc.*, No. CV-10-8243-SVW (FMOx), 2010 WL 5313293, at *2 (C.D. Cal. Dec. 16, 2010); *see Hunter*, 582 F.3d at 1043. Any doubt as to whether the plaintiff has "stated a valid cause of action under the laws of the state should be resolved in favor of the case being retained by the state court." *Couzens v. Fortis Ins. Co.*, No. CV-09-279-PHX-FJM, 2009 WL 2072009, at *2 (D. Ariz. July 13, 2009) (citing *Albi v. Street & Smith Publ'ns*, 140 F.2d 310, 312 (9th Cir. 1944)). "It is only where the plaintiff has not, in fact, a cause

of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." *Albi*, 140 F.2d at 312.

Defendants have not shown, and it is not otherwise clear to the Court, that the complaint obviously fails to state a tortious interference claim under well-settled Arizona law. The Court, therefore, cannot conclude that Defendants Arney and Hill have been fraudulently joined in order to destroy diversity jurisdiction and preclude removal. *See Handy v. Wells Fargo Bank, N.A.*, No. CV07-2293-PHX-GMS, 2008 WL 4890758, at *1 (D. Ariz. Nov. 12, 2008) (the standard for fraudulent joinder "is not whether plaintiff will actually or even probably prevail on the merits, but whether there is a possibility that [he] may do so") (citations omitted). Defendants' substantive challenges to the tortious interference claim (*see* Doc. 5) are best presented to the state court. "Parties should not be able to expand federal jurisdiction beyond its statutory boundaries by using fraudulent-joinder-based removal as a replacement for the state court demurrer." *Hernandez*, 2010 WL 5313293, at *3; *see also Dominck's Finer Foods v. Nat'l Constr. Servs., Inc.*, No. CV-10-00836-SVW (PWJx), 2010 WL 891321, at *3 (C.D. Cal. Mar. 9, 2010) (noting that for purposes of determining whether diversity jurisdiction exists, a merits-based decision that effectively decides the case is improper).

The removal statute, 28 U.S.C. § 1441, is to be strictly construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941). This strong presumption against removal means that the defendants always have the burden of establishing that removal is proper, and federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). Defendants have failed to meet their high burden. The Court therefore will grant Plaintiff's motion and remand the case for lack of subject matter jurisdiction. *See* 28 U.S.C. § 1447(c) (the case shall be remanded if "at any time before final judgment it appears that the district court lacks subject matter jurisdiction").

**II.     The Request for an Award of Fees and Costs.**

Plaintiff's request for an award of attorneys' fees and costs under 28 U.S.C. § 1447(c) (Doc. 8 at 12) will be granted.  An award of fees and costs under § 1447(c) "is left to the district court's discretion, with no heavy congressional thumb on either side of the scales[.]"  *Martin v. Franklin*, 546 U.S. 132, 139 (2005).  In enacting § 1447(c), however, "Congress thought fee shifting appropriate in some cases."  *Id.* at 140.  "The process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources.  Assessing costs and fees on remand reduces the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff."  *Id.*

Under the well-pleaded complaint rule, *see Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), Defendants had no basis for asserting federal question jurisdiction.  Given the presumptions that apply to removal generally and allegations of fraudulent joinder specifically, the Court concludes that Defendants acted unreasonably in asserting that Arney and Hill were fraudulently joined.  In short, Defendants "had no objectively reasonable basis for removal."  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006); *see Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008) (noting that under *Martin* the "objectively reasonable basis" test is the settled standard for awarding fees and costs under § 1447(c)).  An award of fees and costs in this case is just.

The parties are directed to confer in good faith to resolve any disputes concerning the amount of reasonable attorneys' fees and costs Plaintiff incurred as a result of the improper removal.  *See* LRCiv 54.2(d)(1).  If the parties are unable to agree, Plaintiff may file a motion pursuant to Local Rule 54.2.  *See Moore v. Permanente Med. Group, Inc.*, 981 F.2d 443, 445 (1992) (district courts retain jurisdiction after remand to award fees under § 1447(c)).  Any such motion shall be filed, with a supporting memorandum, on or before **April 15, 2011**, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

**IT IS ORDERED:**

1. Plaintiff's motion to remand and request for award of attorneys' fees and costs (Doc. 8) are **granted**.

2. The parties are directed to confer in good faith to resolve any disputes concerning the amount of fees and costs. Any motion for fees and costs shall be filed, with a supporting memoranda, on or before **April 15, 2011**, with the response and reply briefs due in accordance with the time periods provided in Local Rule 54.2(b)(3) and (4).

3. The Clerk is directed to **remand** this case to state court.

Dated this 31st day of March, 2011.

David G. Campbell
United States District Judge